## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Ellen F. Hurley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Carlos Miles, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | May 28, 2015 <br><br> Court of Appeals Case No. 49A05-1411-CR-514 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Stanley E. Kroh, Magistrate <br><br> Case No. 49G03-1311-FC-71767 |

**Crone, Judge.**

# Case Summary

[1] Carlos Miles challenges the sufficiency of the evidence to support his conviction for class C felony battery. Finding the evidence sufficient, we affirm.

# Facts and Procedural History

The facts most favorable to the judgment show that on October 30, 2013, Miles and his girlfriend Kristina Kirby were arguing in their front yard. A neighbor, Sarah Korb, heard the shouting and called the police. Another neighbor, Joseph Yobst, pulled into his driveway and heard Miles screaming at Kirby. He exited his vehicle and yelled for Miles to chill out. Tr. at 50. Miles retorted, "What did you say, mother f***er," and Yobst reiterated that Miles needed to chill out before someone called the police. *Id*.

Miles ran across the street to Yobst's driveway, put his right index finger in Yobst's face, and screamed at him. Yobst told him to get his finger out of his face, and Miles pushed him down. When Yobst got back up, Miles put his left index finger in his face. Again, Yobst told him to get his finger out of his face, and pushed his left hand away. By this time, Miles held a greenish-blue box cutter in his right hand behind his back. He "swiped" at Yobst with his right hand and then put his hand behind his back. *Id*. at 20, 54, 73-74. Within seconds, Yobst felt wetness and realized that his left forearm was gushing blood. At first, Yobst thought that Miles might have cut him with very sharp fingernails, but then he noticed that Miles had a "box kni[fe], … like the kind you can buy at Ace Hardware." *Id*. at 54. Miles said, "I don't have a knife, I don't have a knife." *Id*. at 20. Korb, whose pacemaker had been triggered by the commotion, came outside and observed the altercation from behind Miles. She saw that Miles had a green and blue knife in his right hand and exclaimed,

"yes, he does have a knife." *Id*. Miles fled the scene on foot before police arrived.

[4]     The State charged Miles with class C felony battery, class D felony intimidation, and class A misdemeanor battery. At his bench trial, Indianapolis Metropolitan Police Department Detective Sergeant John Green testified that based on his training and experience Yobst's injury was caused by a sharp object consistent with a knife or glass. State's Exhibit 5 is a photograph of Yobst with a deep slice wound on his bloody forearm. The trial court found Korb's and Yobst's testimony concerning the knife to be consistent with the photograph and the detective's testimony. Tr. at 169-70. The court convicted Miles on the two battery counts but vacated the misdemeanor battery conviction due to double jeopardy concerns. Miles was acquitted on the intimidation count. He now appeals. Additional facts will be provided as necessary.

## Discussion and Decision

[5]     Miles challenges the sufficiency of the evidence to support his conviction for class C felony battery. When reviewing a challenge to the sufficiency of evidence, we neither reweigh evidence nor judge witness credibility. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). Rather, we consider only the evidence and reasonable inferences most favorable to the judgment and will affirm the conviction "unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id*.

[6]     Miles was convicted pursuant to Indiana Code Section 35-42-2-1(a)(3) (2009), which states, "A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, …. a Class C felony … if it is committed by means of a deadly weapon." Miles admits that he intentionally touched Yobst in an angry manner; he merely challenges the evidence to support the trial court's finding that he used a deadly weapon, i.e., a knife.

[7]     Miles asserts that he did not cut Yobst with a knife. Instead, he maintains that some sharp rhinestones on his wristwatch cut Yobst's arm during their altercation. At trial, he described how he placed his watch down on his knuckles while running across the street to confront Yobst. However, the trial court considered this evidence and found that Korb's and Yobst's testimony was consistent with the photograph depicting Yobst's sliced arm.

[8]     Miles also challenges the probative value of Korb's testimony, claiming that she was upset over the death of her cat and her pacemaker being triggered and that she had ulcers in her left eye that impaired her ability to judge whether she actually saw him with a knife. To the extent that he asserts that she only saw the handle of the knife, we note that this is consistent with Yobst's description of the weapon as a box knife, which would have a retractable blade. It is also consistent with Korb's description of the knife as one with a "metal flap" for protection "when you put it in your pocket." Tr. at 18. Again, the trial court, as the finder of fact, evaluated this evidence in combination with the physical evidence and Korb's testimony describing her vision in her right eye as "fairly

excellent." *Id.* at 28.  Simply put, Miles's insufficiency arguments amount to invitations to reweigh evidence and judge witness credibility, which we may not do.  Accordingly, we affirm.

[9]     Affirmed.

Brown, J., and Pyle, J., concur.